William P. HENSON, Petitioner–
Appellant,

v.

Dave SMITH and Frank Kelley,
Respondents–Appellees.

No. 00–1587.

United States Court of Appeals,
Sixth Circuit.

Jan. 15, 2002.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

SILER, Circuit Judge.

Petitioner William P. Henson appeals the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. He claims violations of his Fourteenth and Sixth Amendment rights based on the trial court's refusal to grant a continuance, its admission of prejudicial evidence, and the insufficiency of evidence to support his convictions. We **AFFIRM**.

## I. BACKGROUND

In 1991 Henson was convicted of violating Michigan law by (1) delivering 225–650 grams of cocaine and (2) conspiring to deliver 225–650 grams of cocaine. The convictions arose from a sale of cocaine by Henson's uncle, Ronald Seeger, to undercover police officer Rick Gilbert on February 6, 1990. Seeger delivered the cocaine to Gilbert in the parking lot of a restaurant while Henson waited inside. The prosecution's theory was that Henson aided or abetted Seeger.

The trial court sentenced Henson to imprisonment of twenty to thirty years for the delivery conviction and to a consecutive term of ten to thirty years for the conspiracy conviction. After exhausting his state appellate options. Henson filed a habeas corpus petition with the district court in 1998. That court denied the petition but granted Henson a certificate of

---

* The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

appealability as to six of his seven claims, leading to this appeal.

## II. DISCUSSION

■ The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"), governs review in this case because Henson filed his petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may grant a writ of habeas corpus only where the state court's adjudication of the merits of the petitioner's claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). This court reviews the district court's denial of habeas corpus under this standard *de novo*, and its factual findings for clear error. *See McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir.1996).

### A. *Introduction of Tax Records*

At trial the prosecution introduced as surprise evidence records from the Michigan Department of Treasury certifying that Henson did not pay taxes from 1985 through 1989. The prosecution introduced the evidence to rebut what it characterized as character testimony by Henson's employer. Henson's counsel objected to introduction of the records but the court allowed it. At the end of that day, a Friday, counsel contacted Henson's tax preparer and the Michigan Department of Treasury. Both told him that it would

take a few days to produce Henson's information. Counsel then requested a brief adjournment or continuance at the beginning of the next trial day. Monday, to allow production of these materials for rebuttal purposes, which the court refused. The prosecutor relied on the tax records during trial and in closing as evidence that Henson had been living on illegitimate income for several years, *i.e.*, that he was a drug dealer. At sentencing. Henson's counsel told the trial court that he had showed the prosecutor Henson's tax refund stub from 1989 at some point before closing arguments in an unsuccessful attempt to dissuade the prosecutor's further reliance on the records.

### 1. *Fourteenth Amendment Claim*

■ Based on these facts, Henson argues that the trial court violated his Fourteenth Amendment right to a fair trial by refusing to grant him a few days' continuance. Henson relies on *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), where the Supreme Court stated that while there is "no mechanical [test]" for deciding when a failure to grant a continuance violates due process, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."

Here the records were admittedly prejudicial and perhaps improperly admitted, and a brief continuance would have allowed Henson to minimize their prejudice with little cost to judicial efficiency. However, while the court's decision may be said to be "myopic" in the face of a justifiable request, it did not render Henson's defense an "empty formality." In particular, defense counsel had adequate opportunity to challenge the underlying factual basis of Henson's conviction—his presence

at the drug sale, statements to officer Gilbert, and cooperation with Seeger.

In the alternative, Henson relies on *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). In each case, the Court held that a prosecutor's reliance on witness testimony that he knew to be false resulted in a trial without due process. Henson's analogy to these cases is unavailing as well. At best, the 1989 tax stub allegedly shown to the prosecutor before closing could have created a factual issue as to Henson's payment of taxes for that one year. This is not enough to establish that the prosecutor knew the Michigan tax records to be false when he made use of them at trial. Accordingly, we affirm the district court's denial of Henson's Fourteenth Amendment claim based on the tax records.

2. *Sixth Amendment Claim*

■ Henson also argues that he was deprived of effective assistance of counsel because his counsel failed to seek a continuance before resting the defense's case or to obtain accurate tax records that would rebut those introduced by the prosecution. A defendant claiming ineffective assistance must show (1) that counsel's performance was deficient and (2) caused prejudice so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the defendant must show that counsel's actions were outside the bounds of reasonable trial strategy. *See id.* at 687–89.

Here counsel took the weekend to come up with Henson's records. When that effort failed, he asked for a continuance at the beginning of the next trial day. This may not have been the best defense strategy, but it was not an unreasonable one. Indeed, the trial judge praised counsel's able representation of Henson at sentencing. Moreover, counsel took other steps to challenge the records, objecting to them at their introduction, at the conclusion of trial, and at sentencing. Likewise, counsel's failure to obtain rebuttal documents in time to respond to this surprise evidence appears to have been limited by the responding entities and the court's refusal to grant a continuance, and not due to any failure on the part of counsel to seek them. Counsel's failure to produce these documents over the course of one weekend did not cause a fundamentally unfair trial. For all these reasons, this court finds that Henson was not deprived of effective assistance of counsel.[1]

B. *Co–Conspirator Statements*

■ Henson argues that the trial court violated his Sixth Amendment right to confrontation by allowing government informant Thomas Reno to testify as to statements Seeger made to him. The statements implicated Henson as Seeger's partner in the drug trade. The Michigan Court of Appeals found the statements properly admitted under the hearsay exception for statements by co-conspirators.

■ The admission of a statement by an out-of-court declarant satisfies the Confrontation Clause where "the evidence falls within a firmly rooted hearsay exception." *Lilly v. Virginia*, 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). In *Bourjaily v. United States*, 483 U.S. 171,

---

1. Henson also asserts in passing that the introduction of the tax records violated his Sixth Amendment right to confrontation but provides no argument on this point. The court therefore rejects this claim as unsupported.

182–84, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), the Supreme Court held that the federal co-conspirator exception is "firmly rooted," and that a statement that satisfies this exception satisfies the Confrontation Clause. The federal exception allows admission of a "statement by a coconspirator of a party during the course of and in furtherance of the conspiracy." *See* Fed. R.Evid. § 801(d)(2)(E).

Here Henson argues that the trial court's admission of Seeger's statements to Reno was unconstitutional because there was no evidence of a conspiracy involving Henson at the time the statements were made apart from the statements themselves. Henson relies on *Bourjaily* in support of his argument that such "bootstrapping" is unconstitutional. But the *Bourjaily* Court specifically declined to rule on whether the federal co-conspirator exception excludes a statement where the evidence of a conspiracy comes solely from the statement itself. *See Bourjaily,* 483 U.S. at 181. Moreover, a statement outside the exception could still be constitutional if supported by other indicia of reliability. *See id.* at 182. As such, Henson has not pointed to Supreme Court precedent that "clearly establishes" the unconstitutionality of admitting Reno's statement here. We therefore affirm the district court on this issue as well.[2]

C. *Insufficient Evidence to Support Conviction*

 Henson argues that the trial court's decision deprived him of due process because there was insufficient evidence to support his convictions. The test for resolving claims of insufficient evidence is:

whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Here Henson argues that the charge of conspiracy fails because there is insufficient evidence of an agreement between Seeger and Henson to deliver cocaine. Specifically, he argues that there was no evidence to show that he knew on February 6, 1990, that Seeger planned to sell drugs to Gilbert, or knew that Seeger possessed drugs.

We disagree. The evidence here is sufficient for a rational trier of fact to find beyond a reasonable doubt that Henson knew about the cocaine and agreed to help Seeger sell it. When Gilbert asked Henson at the restaurant if he was a cop, Henson reassured him he was not, and even explained to Gilbert that asking parties to bring children to a drug deal was a good way to detect a police officer. According to Gilbert, Henson then told Gilbert and Seeger: "You go outside and do the deal, I am going to wait in here." Henson drove to the restaurant in his father's truck, and the deal was conducted in that vehicle. Henson was arrested with $3550 on his person. This evidence, taken along with Seeger's statement to Reno that his "nephew" was his partner in selling cocaine, is enough to permit a jury finding that Henson knew Seeger planned to sell cocaine to Gilbert on that day and agreed to help him do it. This same evidence is sufficient to permit a finding that Henson aided Seeger in delivering the cocaine. Accordingly, this court finds that Henson has not established a due process

---

**2.** Henson also asserts in passing that the trial court's admission of the statements violated his Fourteenth Amendment due process right but provides no argument on this point. The court accordingly rejects this claim as unsupported.

violation based on insufficient evidence for his convictions.

### D. *Exhaustion*

Because we conclude that the district court properly denied all of Henson's claims on their merits, we need not address respondents' argument that Henson failed to exhaust available state remedies for some claims. *See* 28 U.S.C. § 2254(b)(1) (court may not grant relief for unexhausted claims); (b)(2) (court may deny unexhausted claims on their merits).

**AFFIRMED.**